**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OBENTO LIMITED (d/b/a Chinese Menu Online), a Hong Kong business entity; P & F INC. DBA HAPPINESS RESTAURANT, on behalf of itself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>QMENU, INC., a Georgia corporation,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)    Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Obento Limited ("Chinese Menu Online" or "CMO") and Plaintiff P & F Inc. DBA Happiness Restaurant ("Happiness"), on behalf of itself and all others similarly situated, by and through their attorneys, Jonathan L. Schwartz and Larry D. Mason of Goldberg Segalla LLP, hereby allege and state as follows:

## INTRODUCTION

1.      Chinese Menu Online and Happiness, on behalf of itself and all others similarly situated, bring this class action lawsuit against Defendant qMenu for unfair competition, common law tortious interference with oral and written contracts, common law tortious interference with prospective economic advantage, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, violations of Georgia's Fair Business Practices Act, and unjust enrichment. Plaintiffs seek monetary and compensatory damages, disgorgement of Defendant's profits, injunctive relief, prejudgment interest, punitive damages, and attorney fees and litigation costs.

2.      Defendant illegally and opportunistically exploited a vulnerability in the Google My Business ("GMB") platform between April and July 2020, while the coronavirus pandemic raged and

caused restaurants nationwide to suffer and shutter. Instead of aiding restaurants in their time of great need, and knowing online orders were the restaurant's lifeblood and only means of survival during the pandemic, Defendant caused the putative class of restaurants to lose customer orders because of the confusion and disruption wrought by their unscrupulous scheme. Defendant also wrongfully caused Chinese Menu Online to lose many hundreds of clients' business.

## PARTIES

3.     Plaintiff Obento Limited is a Hong Kong business entity with its principal place of business in Hong Kong. Its sole members are Amanda Chan and Tao Xie, both of whom reside outside of the United States and are not citizens of the United States.

4.     Plaintiff P & F Inc. DBA Happiness Restaurant is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

5.     Upon information and belief, Defendant qMenu, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Peachtree Corners, Georgia.

## JURISDICTION AND VENUE

6.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and (b).

7.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs, CMO and Happiness, on the one hand, and Defendant qMenu on the other hand; and (b) the amount in controversy, exclusive of interests and costs, exceeds $75,000.

8.     Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including: (a) Happiness and other class members conduct business in this District, (b) Defendant purposefully transacted business in this District with an intent to trick class members into authorizing Defendant to manage their GMB listings; and (c) the harm Defendant caused to Plaintiffs and other individuals and entities occurred in

## CLASS ALLEGATIONS

9.      This action has been brought and may be maintained as a class action pursuant to Fed. R. Civ. P. 23 because there are questions of law and fact common to entities constituting a class so numerous as to make it impracticable to separately litigate the claims.

10.     **Class Definition**:  The class is defined as follows:  **All restaurants whose GMB listings Defendant accessed without owner consent or authorization between April and July 2020 and caused the restaurant to lose customer orders** (collectively "Class Members").

11.     **Reservation of Rights**:  Pursuant to Fed. R. Civ. P. 23(c)(B) and (C), Plaintiff Happiness reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

12.     **Numerosity**:  While Plaintiff Happiness does not currently know the exact number of Class Members, although Defendant knows the exact number of Class Members, Happiness is informed and believes that the Class Members are so numerous that the individual joinder of each individual Class Member is impractical.

13.     **Commonality and Predominance**:  Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

        A.      Whether Defendant failed to obtain permission from Class Members prior to taking control of their GMB listings;

        B.      Whether Defendant took unauthorized control of Class Members' GMB listings;

        C.      Whether Defendant took such control through improper means such as a vulnerability, bug or bypass in the Google verification process;

D.     Whether Defendant misrepresented its identity in order to secure Class Members' GMB log-in information;

E.     Whether Defendant used SPAM email accounts to transfer control of Class Members' GMB listings to Defendant;

F.     Whether Defendant's actions in taking unauthorized control of Class Members' GMB listings prevented Class Members from providing important updates to their customers, including but not limited to updates related to the COVID-19 pandemic;

G.     Whether Defendant changed log-in access for Class Members' GMB listings, preventing the Class Members from changing their GMB listings back to the online ordering platform authorized by the Class Members, Chinese Menu Online;

H.     Whether Defendant redirected Class Members' GMB online order links to nonfunctioning or nonexistent websites, preventing potential customers from ordering from Class Members;

I.     Whether Class Members impacted by Defendant's actions are entitled to restitution of money that Defendant may have acquired through its improper and unauthorized actions;

J.     Whether Class Members are entitled to restitution for the online orders lost due to Defendant's actions in sending potential customers to nonfunctioning or nonexistent websites;

K.     Whether Class Members are entitled to prejudgment interest; and

L.     Whether Class Members are entitled to attorneys' fees.

28140479.v3

14. **Typicality**: Plaintiff Happiness' claims are typical of the other Class Members' claims. Happiness is informed and believes and thereon alleges that Defendant has a policy or practice that results in Defendant taking unauthorized control of restaurant owners' GMB listings, diverting those listings from the authorized online ordering platform, Chinese Menu Online, and, in certain circumstances, diverting them to nonfunctioning or nonexistent websites, resulting in a loss of revenue for the restaurants.

15. **Adequacy of Class Representative**: Plaintiff Happiness is an adequate class representative in that it has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Happiness is dedicated to vigorously prosecuting this action on behalf of Class Members. Happiness will fairly and adequately represent and protect the interests of the Class.

16. **Adequacy of Class Counsel**: Plaintiffs' counsel is adequate Class counsel in that they have no known conflicts of interest with Plaintiffs or absent Class Members, are experienced in handling class actions and other complex litigation, are knowledgeable regarding applicable law, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent Class Members.

17. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the Class claims, and would be beneficial to the parties and the Court. Permitting this matter to proceed as a class action will allow many similarly-situated entities to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expenses that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and thus would make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## STATEMENT OF FACTS

18.     Plaintiff Obento, which does business as Chinese Menu Online, creates websites, assists with the taking of online food orders, and manages GMB listings for its restaurant clients, including the websites linked to the GMB listings.

19.     The restaurants that entrust Chinese Menu Online with managing their GMB listings, including, but not limited to, Plaintiff Happiness, prefer Chinese Menu Online over other competitors, such as Defendant, due to Chinese Menu Online's Chinese-speaking sales force, superior client services, and more client-friendly payment practices.

20.     Until late 2018, Chinese Menu Online entered almost exclusively into oral contracts with its restaurant clients, under which Chinese Menu Online would, in pertinent part, manage their restaurant clients' GMB listings and assist with their online ordering in exchange for a fee.

21.     Since late 2018, Chinese Menu Online has entered into written agreements with its restaurant clients, under which CMO would, in pertinent part, manage their GMB listings and assist with their online ordering in exchange for a fee.

22.     Plaintiff Happiness and the other Class Members entered into contracts with Chinese Menu Online to provide assistance with creation of websites, assistance with online food orders, and management of GMB listings.

23.     Defendant is a new business to the online ordering platform space which, according to its website, began partnering with restaurants in 2018 and launched its first applications in 2019.

24.     Beginning in or around April 2020, Defendant discovered a vulnerability, bug, or bypass in the GMB platform software that Defendant used to learn and exploit confidential log-in information for non-client restaurants' GMB listings without the restaurants' authorization.

28140479.v3

25.     Defendant then developed a nationwide scheme to target restaurants in myriad jurisdictions and disrupt and interfere with their GMB listings and their preexisting relationships with other online food ordering services, such as Chinese Menu Online.

26.     Utilizing the restaurants' confidential log-in information, Defendant would then change the restaurants' log-in information using, in certain circumstances, SPAM email accounts, change ownership of the GMB listings, and make alterations to the GMB listings. As a result of Defendant's unauthorized actions, restaurants were unable to access their GMB listing accounts.

27.     One of the changes that Defendant made to the restaurants' GMB listings included altering the URL for ordering online. As a result, instead of directing customers to the URL created by Chinese Menu Online, Defendant would direct potential customers to its own websites or, in certain circumstances, websites that were nonfunctional or nonexistent.

28.     Defendant obtained access to, and subsequently altered, the GMB listings for more than 600 restaurants with whom Chinese Menu Online had a preexisting contractual relationship. Defendant also, on information and belief, accessed and altered the GMB listings for myriad more restaurants with whom Defendant and CMO had no preexisting contractual relationship. Defendant's actions were and are in direct violation of Google's Terms and Conditions.

29.     As a direct result of Defendant's unlawful and wrongful actions, the Class Member restaurants lost a significant number of orders and amount of revenue during an already precarious financial time due to COVID-19-related restrictions. The restaurants were unable to change the URL back to their chosen CMO-created URLs. The restaurants were further unable to post important COVID-19-related updates to their websites.

30.     The Class Member restaurants had not authorized Defendant to access their GMB listing accounts, nor did they give permission to Defendant to make changes to the accounts or listings.

28140479.v3

31.     Plaintiff Happiness suffered monetary loss, including approximately $7,500 in revenue, in addition to loss of reputation and loss of goodwill in the community, as a direct result of Defendant's hijacking of its GMB listing and diversion of customers and potential customers to a nonfunctioning or nonexistent website.  The other Class Members also suffered monetary loss, loss of reputation, and loss of goodwill as a direct result of Defendant's actions.

32.     As a further direct result of Defendant's unlawful and wrongful actions, the GMB listings of many Class Members have become unclaimable, meaning the GMB listings have become locked, resulting in additional monetary loss for the Class Members.

33.     Chinese Menu Online has suffered extensive loss of revenue and harm to its business as a direct result of Defendant's unlawful and wrongful actions.  Rather than try to compete with Chinese Menu Online on better services and prices, Defendant elected to use electronic means, misrepresentation, and trickery to try to force Chinese Menu Online, a superior service provider, out of the marketplace.

**FIRST CAUSE OF ACTION – UNFAIR COMPETITION**
**(FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a))**
**(All Plaintiffs against Defendant)**

34.     Plaintiffs incorporate by reference paragraphs 1-33 above as if fully stated herein.

35.     Defendant misrepresented to Google, restaurant owners, and potential customers of the Class Members that it, and not Chinese Menu Online, was the authorized administrator of numerous CMO-managed GMB listings and related online food ordering websites.

36.     Many of Defendant's misrepresentations were made with the knowledge that it lacked the consent or authorization of owners and/or representatives of the restaurants over whose GMB listings Defendant attempted to wrestle from Chinese Menu Online's control.

37.     Defendant's misrepresentations concern thousands of restaurants nationwide and has caused confusion to Google, restaurant owners, and potential customers regarding the administration of CMO-managed GMB listings and related websites.

38.     As a direct and proximate result of Defendant's false designation of services, the Class Member restaurants suffered actual damages in that potential customers were unable to order from their GMB listings, particularly during an already financially precarious time due to COVID-19 restrictions.

39.     As a direct and proximate result of Defendant's false designation of services, Chinese Menu Online has suffered actual damages in that Google and the restaurants were unclear as to why the restaurant links were no longer working and as to the identity of the proper administrator for the listings.   Chinese Menu Online further suffered lost commissions as a result of Defendant's misrepresentations.

40.     Defendant's false designation of services has resulted in it retaining the benefits of managing restaurants' GMB listings and websites it wrongfully took from Chinese Menu Online.  It would be unjust for Defendant to retain such benefits, and Defendant should be required to disgorge any gains it made from the wrongly acquired access to the restaurants' GMB listings.

41.     All Plaintiffs have and continue to suffer irreparable injury to their businesses, reputation, and goodwill that cannot be redressed by monetary damage.  Plaintiffs will continue to suffer irreparable injury unless the Court enjoins Defendant from continuing in its wrongful conduct. Accordingly, Plaintiffs are entitled to a permanent injunction requiring Defendant to cease and desist from engaging in false designation of services.

## SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT
### (Plaintiff CMO against Defendant)

42.     Plaintiffs incorporate by reference paragraphs 1-33 as though fully stated herein.

43. Since 2015, Chinese Menu Online has maintained oral or written contracts with restaurants to manage their GMB listings and websites in exchange for commissions on customer orders taken through the CMO-created websites.

44. Defendant actively tracked, and thus knew of, Chinese Menu Online's management contracts with these restaurants, including those whose restaurants whose GMB listings that Chinese Menu Online managed.

45. Defendant intentionally and maliciously interfered with Chinese Menu Online's oral and written contracts by using deceptive means to gain control of the restaurants' GMB listings and food ordering websites.

46. Defendant's wrongful acquisition of the GMB listings and websites made it impossible for Chinese Menu Online and its clients to fulfill their contractual obligations.

47. Defendant's schemes and deceptive tactics caused Chinese Menu Online's clients to question Chinese Menu Online's ability to properly manage their GMB listings and websites and, in certain circumstances, to terminate their contracts with Chinese Menu Online for the continued management of the restaurants' GMB listings and related food ordering websites.

48. As a direct and proximate result of Defendant's actions, Chinese Menu Online has suffered actual damages in the form of management fees and other revenue it would have earned had Defendant not tortuously interfered with its contracts.

49. Defendant's actions were malicious, wanton, oppressive, willful, and in conscious disregard of Chinese Menu Online's rights, warranting imposition of punitive damages.

## THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (Claim I – Plaintiff CMO against Defendant)

50. Plaintiffs incorporate by reference paragraphs 1-33 above as if fully stated herein.

51.     Chinese Menu Online had a legitimate existing and prospective economic relationship with numerous restaurant clients, absent an enforceable contract with them.

52.     Defendant actively tracked, and thus knew of, Chinese Menu Online's management contracts with these restaurants, including those whose restaurants whose GMB listings that Chinese Menu Online managed.

53.     Defendant intended to interfere with and otherwise harm Chinese Menu Online's relationships with its clients by using deceptive means to gain control of the restaurants' GMB listings and food ordering websites.

54.     As a direct and proximate result of Defendant's actions, Chinese Menu Online has suffered actual damages in the form of lost commissions and other revenue but for Defendant's wrongful conduct.

55.     Defendant's actions were malicious, wanton, oppressive, willful, and in conscious disregard of Chinese Menu Online's rights, warranting imposition of punitive damages.

**(Claim II – Class Member Plaintiffs against Defendant)**

56.     Plaintiffs incorporate by reference paragraphs 1-33 above as if fully stated herein.

57.     The Class Member restaurants had a legitimate existing and prospective economic relationship with numerous restaurant clients, absent an enforceable contract with them.

58.     Defendant knew that the Class Member restaurants obtained business from customers via their GMB listings and food ordering websites.

59.     Defendant intended to interfere with the Class Member restaurants' ability to maximize orders taken from customers via the restaurants' GMB listings and food ordering websites by using deceptive means to access, gain control of, and alter their GMB listings and food ordering websites, preventing customers from placing online orders.

28140479.v3

60.     Defendant knew or should have known that the Class Member restaurants would rely on online orders for survival due to COVID-19-related restrictions.

61.     As a direct and proximate result of Defendant's actions, the Class Member restaurants have suffered actual damage in the form of lost profits and other revenue but for Defendant's wrongful conduct.

62.     Defendant's actions were malicious, wanton, oppressive, willful, and in conscious disregard of the Class Member restaurants' rights, warranting imposition of punitive damages.

**FOURTH CAUSE OF ACTION – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, ET SEQ.**
**(All Plaintiffs against Defendant)**

63.     Plaintiffs incorporate by reference paragraphs 1-33 above as if fully set forth herein.

64.     Defendant has engaged in unfair methods of competition and unfair or deceptive practices in order to gain wrongful control over restaurants' GMB listings and websites.

65.     Defendant engaged in these unfair competitive acts collectively as part of a coordinated and interrelated business development scheme aimed at the consuming public.

66.     Defendant intended that Google, the restaurants, and potential restaurant customers rely on its unfair methods of competition and unfair or deceptive practices to gain unauthorized control of restaurants' GMB listings and related websites.

67.     In reliance upon Defendants' unfair or deceptive acts, restaurants have relinquished and continue to relinquish control of their GMB listings and food order websites to Defendant to the detriment of the restaurants and Chinese Menu Online.

68.     As a direct and proximate result of Defendant's unfair or deceptive practices, Plaintiffs suffered and will continue to suffer actual damages.

69.     In addition, Plaintiffs have and continue to suffer irreparable injury to their businesses, reputation, and goodwill that cannot be redressed by monetary damages.  Plaintiffs will continue to

28140479.v3

suffer irreparable injury unless this Court enjoins Defendant's conduct. Accordingly, Plaintiffs are entitled to a permanent injunction requiring Defendant to cease and desist from engaging in unfair or deceptive practices.

70.     Plaintiffs are also entitled to their actual damages, punitive damages, attorneys' fees, and costs.

71.     Plaintiffs will immediately mail a file-stamped copy of this class action lawsuit to the Illinois Attorney General as required by 815 ILCS 505/10a(d).

### FIFTH CAUSE OF ACTION – VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, ET SEQ.
(All Plaintiffs against Defendant)

72.     Plaintiffs incorporate by reference paragraphs 1-33 above as if fully stated herein.

73.     Defendant has engaged in unfair methods of competition and unfair or deceptive practices in order to gain wrongful control over restaurants' GMB listings and websites.

74.     Defendant engaged in these unfair competitive acts collectively as part of a coordinated and interrelated business development scheme aimed at the consuming public.

75.     Defendant intended that Google, the restaurants, and potential restaurant customers rely on its unfair methods of competition and unfair or deceptive practices to gain unauthorized control of restaurants' GMB listings and related websites.

76.     Defendant caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of and with the restaurants' GMB listings and related websites.

77.     In reliance upon Defendant's unfair or deceptive acts, restaurants have relinquished and continue to relinquish control of their GMB listings and food order websites to Defendant to the detriment of the restaurants and Chinese Menu Online.

78.     As a direct and proximate result of Defendant's intentional unfair or deceptive practices, Plaintiffs suffered and will continue to suffer actual damages.

79.     In addition, Plaintiffs have and continue to suffer irreparable injury to their businesses, reputation, and goodwill that cannot be redressed by monetary damages. Plaintiffs will continue to suffer irreparable injury unless this Court enjoins Defendant's conduct. Accordingly, Plaintiffs are entitled to a permanent injunction requiring Defendant to cease and desist from engaging in unfair or deceptive practices.

80.     Plaintiffs are also entitled to their actual damages (trebled for intentional violations), punitive damages, attorneys' fees, and costs.

81.     Plaintiffs will immediately mail a filed-stamped copy of this class action lawsuit to the Georgia Attorney General as required by O.C.G.A. § 10-1-399(g).

82.     Plaintiffs mailed to Defendant a written demand for relief that identified Defendant's actionable and wrongful scheme and sought relief for Chinese Menu Online and the Class Members' injuries. Defendant received Plaintiffs' letter on or about November 9, 2020. Defendant did not make a written tender of settlement within 30 days of Plaintiffs' demand for relief, as set forth under O.C.G.A. § 10-1-399(b). In fact, Defendant did not respond to Plaintiffs' letter whatsoever.

### SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT
**(Plaintiff CMO against Defendant)**

83.     Plaintiffs incorporate by reference paragraphs 1-33 above as if fully stated herein.

84.     Defendant has wrongfully taken food ordering commissions from Chinese Menu Online and its restaurant clients to the detriment of Chinese Menu Online. It would be unjust for Defendant to retain such benefits.

85.     To remedy Defendant's unjust enrichment, Defendant should be required to disgorge any gains it has made from the wrongfully acquired GMB listings and related websites.

28140479.v3

WHEREFORE, Plaintiffs Obento Limited and P & F Inc. DBA Happiness Restaurant, on behalf of itself and others similarly situated, respectfully request that this Court award the following Orders:

A.     That this action be certified as a class action with respect to Plaintiffs' claims for violations of federal, Illinois, and Georgia law;

B.     That Plaintiff P & F Inc. DBA Happiness Restaurant be appointed class representative;

C.     That counsel for Plaintiffs be appointed class counsel;

D.     Disgorging Defendant's profits;

E.     Awarding Plaintiffs monetary and compensatory damages, including restitution and punitive damages as appropriate;

F.     Awarding Plaintiffs' attorneys' fees, litigation costs, pre-judgment interest, and permanent injunctive relief; and

G.      Awarding Plaintiffs other and further relief as this Court deems just and proper.

**GOLDBERG SEGALLA LLP**

By:      *s/ Jonathan L. Schwartz*
Attorney for Plaintiffs Obento Limited and P & F Inc. DBA Happiness Restaurant, on behalf of itself and all others similarly situated

Jonathan L. Schwartz - 6287338
Larry D. Mason - 6201602
GOLDBERG SEGALLA LLP
**Mailing Address:** P.O. Box 957, Buffalo, NY 14201
**Physical Address:** 222 West Adams Street, Suite 2250
Chicago, IL 60606
(312) 572-8411--Schwartz
(312) 572-8444--Mason
jschwartz@goldbergsegalla.com
lmason@goldbergsegalla.com