THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OBENTO LIMITED (d/b/a Chinese Menu Online), a Hong Kong business entity; P & F INC. DBA HAPPINESS RESTAURANT, on behalf of itself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>QMENU, INC., a Georgia corporation,<br><br>*Defendant*. | Case No.: 1:20-cv-07391<br>Honorable Judge Jorge L. Alonso<br>Magistrate Judge Sheila M. Finnegan |

**JOINT INITIAL STATUS REPORT**

Plaintiff Obento Limited ("Chinese Menu Online" or "CMO") and Plaintiff P&F Inc. DBA Happiness Restaurant ("Happiness"), on behalf of itself and all others similarly situated, by and through their attorneys, Jonathan L. Schwartz and Larry D. Mason of Goldberg Segalla LLP, and Defendant qMenu, Inc., by and through its attorneys, Nicholas P. Panayotopolous of Weinberg Wheeler Hudgins Gunn & Dial and Jacob D. Radecki of McDonald Hopkins LLC, submit this Joint Initial Status Report. The parties state as follows:

**I.    Nature of the Case**

    A.    <u>The Basis for Federal Jurisdiction</u>

The basis for this Court's jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and (b). Plaintiff Obento Limited d/b/a Chinese Menu Online is a Hong Kong business entity with its principal place of business in Hong Kong. Its sole members both reside outside of the United States and are not United States citizens. Plaintiff P&F, Inc. DBA Happiness Restaurant is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

Defendant qMenu, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Peachtree Corners, Georgia.

Plaintiffs contend that the amount in controversy between Chinese Menu Online and qMenu exceeds $75,000. Plaintiffs also contend that the amount in controversy between the putative class members collectively and qMenu well exceeds $75,000.

B. Nature of the Claims

Plaintiffs Chinese Menu Online and Happiness, on behalf of itself and all others similarly situated, filed this Class Action Complaint against Defendant qMenu for unfair competition, common law tortious interference with oral and written contracts, common law tortious interference with prospective economic advantage, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, violations of Georgia's Fair Business Practices Act, and unjust enrichment. Plaintiffs assert that qMenu illegally exploited a vulnerability in the Google My Business ("GMB") platform between April and July 2020, causing the putative class of restaurants to lose customer orders due to confusion and inability to order online. Plaintiff Chinese Menu Online further asserts that qMenu wrongfully caused it to lose hundreds of clients' business.

Defendant qMenu has neither responded to the allegations of the Complaint nor asserted any counterclaims against Plaintiffs at this time, but has filed two motions: (1) a Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations; and (2) a Motion to Transfer Venue for *Forum Non Conveniens*.

C. Demand for Jury Trial

Plaintiffs requested a jury trial in their Class Action Complaint.

D. Parties not yet Served

All parties have been served.

**II.      Discovery and Pending Motions**

　　A.　　Pending Motions

Defendant qMenu filed two motions on February 26, 2021: (1) a Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations; and (2) a Motion to Transfer Venue for *Forum Non Conveniens*. Defendant's Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations alleges that Plaintiffs have failed to state claims for relief in any of their causes of action against Defendant, and Plaintiffs' class action is "fatally flawed" and does not satisfy the requirements of Fed. R. Civ. P. 23. Defendant's Motion to Transfer Venue for *Forum Non Conveniens* seeks to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division. The parties agree that this Court should first address the Motion to Transfer Venue and defer ruling on the Motion to Dismiss and Motion to Strike until this Court decides whether to retain this case in this District or transfer the case to the Northern District of Georgia.

Plaintiffs have not yet filed their responses to these motions and are assessing the need for discovery related to the motion to transfer. No dates have been set for oral argument.

　　B.　　Proposed Discovery Plan[1]

　　　　(1)　　The parties anticipate that document requests, interrogatories, electronic discovery, depositions, and expert discovery will all be needed in this action.

　　　　(2)　　The parties anticipate that protective orders will be requested with respect to discovery containing Chinese Menu Online's and qMenu's confidential, proprietary, and trade secret information.

---

[1] The proposed Discovery Plan is premised on this Court's retention of venue. If the Court grants Defendant's Motion to Transfer, discovery deadlines would be established pursuant to the procedures of the Northern District of Georgia.

(3)     The parties propose that Rule 26(a)(1) initial disclosures be completed by May 14, 2021, or within 30 days of the Court's ruling on qMenu's pending motions, whichever comes later.

(4)     The parties propose that fact discovery be completed by March 30, 2022.

(5)     The parties anticipate expert discovery will be needed in this action.

### III.     Settlement and Referrals

**A.**     <u>Settlement Discussions</u>

No settlement discussions have occurred at this time. Plaintiffs made one demand prior to initiating this lawsuit, but Defendant did not respond to the demand.

**B.**     <u>Request for Settlement Conference</u>

The parties do not request a settlement conference before the Court or Magistrate Judge Sheila M. Finnegan at this time, although the parties believe they would be interested in a settlement conference following the completion of fact discovery.

**C.**     <u>Consent to Magistrate</u>

The parties confirm that their counsel has informed them regarding the possibility of proceeding before Magistrate Judge Sheila M. Finnegan for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to the jurisdiction of Magistrate Judge Finnegan.

Dated: March 4, 2021                        **GOLDBERG SEGALLA LLP**

                                                               By: *s/ Jonathan L. Schwartz*
                                                               Attorney for Plaintiffs Obento Limited and P & F Inc. DBA Happiness Restaurant, on behalf of itself and all others similarly situated

Jonathan L. Schwartz - 6287338
Larry D. Mason - 6201602
GOLDBERG SEGALLA LLP
**Mailing Address:** P.O. Box 957, Buffalo, NY 14201

29267740.v2

**Physical Address:** 222 West Adams Street, Suite 2250
Chicago, IL 60606
(312) 572-8411--Schwartz
(312) 572-8444--Mason
jschwartz@goldbergsegalla.com
lmason@goldbergsegalla.com

                              **WEINBERG WHEELER HUDGINS GUNN & DIAL**

                              By: *s/ Nicholas P. Panayotopolous*
                              Attorney for Defendant qMenu, Inc.

Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
(404) 876-2700
npanayo@wwhgd.com

Jacob D. Radecki – 6321345
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
(312) 208-0111
jradecki@mcdonaldhopkins.com

29267740.v2