THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OBENTO LIMITED (d/b/a Chinese Menu Online), a Hong Kong business entity; P&F, INC. d/b/a HAPPINESS RESTAURANT, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> QMENU, INC., a Georgia corporation, <br><br> Defendant. | Case No. 1:20-cv-07391 <br> Judge Jorge L. Alonso <br> Magistrate Judge Sheila M. Finnegan |

**PLAINTIFFS' STIPULATED MOTION AND MEMORANDUM FOR LEAVE TO CONDUCT LIMITED VENUE DISCOVERY AND TO EXTEND TIME TO RESPOND TO DEFENDANT'S PENDING MOTIONS**

Plaintiffs, OBENTO LIMITED ("Chinese Menu Online" or "CMO") and P&F, INC. dba HAPPINESS RESTAURANT ("Happiness"), on behalf of itself and all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, Jonathan L. Schwartz and Larry D. Mason of Goldberg Segalla LLP, move this court for an Order allowing Plaintiffs to conduct limited venue discovery and extending the deadline for Plaintiffs to respond to the pending motions filed by Defendant, QMENU, INC. ("qMenu"). Plaintiffs' counsel has conferred with counsel for qMenu, and qMenu has no objection to the proposed limited discovery and deadline extensions set forth in this motion. Plaintiffs state in support as follows:

**INTRODUCTION**

Before responding to qMenu's Motion to Transfer, Plaintiffs should be permitted to conduct reasonable and necessary discovery concerning the factual bases for qMenu's contention that this matter should be transferred, as a matter of convenience, to the United States District Court for the Northern District of Georgia, Atlanta Division. The limited discovery seeks to uncover the details

29297860.v1

of qMenu's allegations regarding the relevant knowledge and location of its proposed witnesses and its ability to share access to relevant documents and records which are allegedly found in Georgia. The parties also seek a corresponding extension of time to respond to qMenu's pending motions.

## BACKGROUND

Plaintiffs filed this Class Action Complaint against qMenu in the United States District Court for the Northern District of Illinois, Eastern Division. Dkt. #1. Plaintiffs allege six causes of action against qMenu: (1) unfair competition, (2) common law tortious interference with oral and written contracts, (3) common law interference with prospective economic advantage, (4) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, (5) violations of Georgia's Fair Business Practices Act, and (6) unjust enrichment. *Id.* Plaintiffs assert that qMenu illegally exploited a vulnerability in the Google My Business ("GMB") platform between April and July 2020, causing the putative class of restaurants to lose customer orders due to confusion and inability to order online. *Id.* at ¶ 2. Plaintiff Chinese Menu Online further asserts that qMenu wrongfully caused it to lose hundreds of clients' business. *Id.*

qMenu has responded to Plaintiffs' Complaint by filing two motions: (1) a Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations (Dkt. #17); and (2) a Motion to Transfer Venue for *Forum Non Conveniens* (Dkt. #15). In particular, qMenu's Motion to Transfer seeks to transfer this action to the Northern District of Georgia. Dkt. #15. In its Memorandum In Support, qMenu alleges that it "is a small business with limited resources…" Dkt. 16, p. 1. qMenu also filed an Affidavit of YanFeng ("Chris") Xu in Support of qMenu, Inc.'s Motion to Transfer Venue. The Affidavit asserts, in part:

> 2. The following individuals have the most knowledge of qMenu's interaction with restaurant owners regarding utilization of qMenu's online ordering platform, including the granting of consent to access restaurants' Google My Business ("GMB") listing:
>
> Yanfeng ("Chris") Xu – Chief Operating Officer,

>Zhaofeng ("Alan") Xue – VP of Operations
>Dixon Adair – VP of Operations
>Yinghong Mo, Manager of Customer Services

>Except as noted herein, each of these individuals is a resident of Gwinnett County Georgia or works at qMenu's principal offices located in Gwinnett County, Georgia.

> * * *

>5.     All of qMenu's books and business records regarding contacts with restaurant operators and interactions with the GMB listings for restaurants with which qMenu has had business relationships are either located in qMenu's principal offices located in Gwinnett County, Georgia, or are cloud-stored and accessible from qMenu's computers located in Gwinnett County, Georgia.

>6.     qMenu employs independent contractors located in China as its sales force for telephonic solicitation and customer service contacts with restaurant operators, but maintains logs and in some instances recordings of those sales and customer service telephonic communications either in its principal offices located in Gwinnett County, Georgia, or in cloud-stored files accessible from qMenu's computers located in Gwinnett County, Georgia.

*See* Dkt. #16, Exhibit A.

## ARGUMENT

I.     <u>Illinois Law Supports Limited Discovery into Venue Questions.</u>

qMenu seeks to transfer venue to the Northern District of Georgia. In analyzing the propriety of this venue, this Court will need to analyze a host of factors to determine whether this Court or the Northern District of Georgia would better serve the convenience of parties and witnesses and promote the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-21 (7th Cir. 1986). A well-supported opposition brief would best assist this Court in analyzing these factors. The need for discovery is especially acute when a movant, like qMenu, supports its motion with an Affidavit.

"The federal discovery rules are to be construed broadly and liberally." *See United States ex rel. Ceas v. Chrysler Grp. LLC*, 191 F. Supp. 3d 885, 888 (N.D. Ill. 2016). Rule 26(b)(1) of the Federal Rules of Civil Procedure allows Plaintiffs to obtain discovery regarding any nonprivileged matter

3

29297860.v1

relevant to the claims or defenses asserted by qMenu in its Motion to Transfer. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues").

Here, Plaintiffs filed suit in the Northern District of Illinois where Happiness – the class representative – is incorporated, does business, and suffered losses. Dkt. #1, ¶¶ 4 and 8. Plaintiffs will prove that numerous other class member restaurants (who had written and/or oral contracts with Chinese Menu Online at the time of qMenu's wrongful conduct) are also located in Illinois. Nevertheless, Menu alleges that the Northern District of Georgia is a more convenient forum because, in pertinent part, (1) its proposed witnesses may reside in Georgia; and (2) potentially relevant documents are located in Georgia. Dkt. #16, p. 8 and Exhibit A.

Plaintiffs, however, lack adequate information regarding the relevant knowledge of the proposed witnesses, the residence of the proposed witnesses, and the reason qMenu believes its documents and information pertaining to online activities are only available in Georgia. Accordingly Plaintiffs must be allowed to discover the factual bases for qMenu's assertions.

Importantly, qMenu does not dispute Plaintiffs' request for limited discovery. The evidence Plaintiffs will uncover will greatly assist this Court in determining the proper venue for this action. Finally, there would be no appreciable prejudice to any party by allowing Plaintiffs to conduct limited discovery as to the convenience of an alternative venue allegations, which would be conducted expeditiously and diligently.

II.     <u>Plaintiffs Seek Limited Discovery In The Form Of Interrogatories.</u>

Plaintiffs seek to conduct limited discovery pertaining to venue in the form of interrogatories. The parties have conferred and agreed to the following, limited interrogatory topics, subject to an agreed-upon protective order:

(1) The residence of the witnesses identified in Paragraph 2 of Yanfeng ("Chris") Xu's Affidavit. Dkt. #16, Exhibit A. Although Paragraph 2 states that "except as noted herein.," all of the identified individuals are residents of Gwinnett County, Georgia or work at qMenu's office in Gwinnett County, the Affidavit does not identify any alternative residence locations. *Id.*

(2) The knowledge of each of the witnesses identified in Paragraph 2 of the Affidavit with respect to the claims against qMenu, consistent with Fed. R. Civ. P. 26(a)(1) Initial Disclosures. *Id.*

(3) The identities and residence of any other anticipated witnesses not identified in the Affidavit, consistent with Fed. R. Civ. P. 26(a)(1) Initial Disclosures. *See also* Dkt. #16, p. 8 ("[S]ubstantially all of qMenu's present and former employees who have knowledge of qMenu's accessing of GMB accounts and interactions with putative class members, are located in or have business activities in Gwinnett County, Georgia.").

(4) The identification of documents physically located in Georgia:

    (a) Books and Business Records:

        (i) Identification of books and business records physically located in Georgia in contrast to those stored on the cloud;

        (ii) For books and business records physically located in Georgia, the format such books and business records are stored in, and an understanding of why such books and business records cannot be produced via PDF and/or another commonly used and accepted format; and

    (iii) An understanding of why cloud-based books and business records are only accessible from qMenu's computers in Georgia.

  (b) Telephonic Communication Logs and Recordings:

    (i) Identification of the format that the logs and recordings are stored in; and

    (ii) For logs and recordings physically located in Georgia, an understanding of why such logs and recordings cannot be produced via PDF and/or another commonly used and accepted format.

(5) Information supporting qMenu's assertion that it "is a small business with limited resources." Dkt. #16, p. 1.

III. <u>The Parties Seek To Extend Deadlines For Responding to qMenu's Motions.</u>

The parties further conferred and have agreed to the following, proposed deadlines for responding to Defend qMenu's ant's motions:

(1) Plaintiffs to serve qMenu with limited interrogatories (as set forth above) within 7 days of an Order on this Motion;

(2) qMenu shall answer Plaintiffs' limited interrogatories within 30 days following counsel's receipt of service by email of the discovery;

(3) Plaintiffs shall file their responses to qMenu's Motion to Transfer Venue for *Forum Non Conveniens* and Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations within 30 days of Plaintiffs' receipt of service by email of qMenu's complete answers to Plaintiffs' limited interrogatories; and

(4) qMenu shall file its replies to Plaintiffs' responses within 21 days of ECF service of Plaintiffs' responses.

The parties also agree that Plaintiffs may seek leave of court to amend the Order to conduct a limited deposition of Yanfeng ("Chris") Xu concerning qMenu's answers to Plaintiffs' limited interrogatories.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request this Court enter an Order granting Plaintiffs' request for limited venue discovery in the form of interrogatories and an extension of time to respond to qMenu's pending motions, as set forth in Section III above.

DATE: March 17, 2021          Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Jonathan L. Schwartz
One of the Attorneys for Obento Limited dba Chinese Menu Online and P&F, Inc. dba Happiness Restaurant, on behalf of itself and all others similarly situated

Jonathan L. Schwartz (ARDC #6287338)
Larry D. Mason (ARDC #6201602)
GOLDBERG SEGALLA LLP
311 South Wacker Drive, Suite 2450
Chicago, IL 60606
312-572-8411 / Fax: 312-572-8401
jschwartz@goldbergsegalla.com
lmason@goldbergsegalla.com

29297860.v1